IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCIS AKINRO | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WDQ-10-1454 |
| U.S. MARSHALL- U.S. DISTRICT COURT, et al. | * | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

Plaintiff, a resident of Baltimore, Maryland who holds himself out as "U.S. Solicitor General," "Assistant Attorney General," and "Professor," filed this action on June 1, 2010, against Court security officers. a Radio Shack store and over 50 individuals, including a federal court judge, "Mrs. Barbara Bush," and a number of citizens residing in Nigeria. His Complaint statement of facts alleges that:

> "Defendant U.S. Marshall at the entrance are combine together to kill me by poison whatever I may bring to the Court. They refuse to let me take my computer and other electronics with me and they will take it to Igbe, Nigeria before my coming back from the Clerk's Office."

Paper No. 1 at 2.

In his relief request, Plaintiff seeks the award of $497,000,000,000,000.00, court injunction to stop the U.S. Marshal from "assaulting" him, and the imposition of a life imprisonment and the death penalty on Defendants. *Id*. at 3.

Although Plaintiff's indigency application contains suspect information, he shall be granted leave to proceed *in forma pauperis*.[1] This Court may preliminarily review the Complaint

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has approximately $200,000.00 accumulated in four separate bank accounts. Paper No. 2.

allegations before service of process and dismiss them *sua sponte* if satisfied that the Complaint has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris,* 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in *Neitzke*: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. at 328.

Even when affording the *pro se* Complaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. Plaintiff's Complaint is replete with fanciful and delusional comments. The action will be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.


Date: June 10, 2010                                    /s/
                                       William D. Quarles, Jr.
                                       United States District Judge